UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
2009 FEB -3 P 4: 28
U.S. DIST. COURT
EAST. DIST. MICH.
DETROIT

WILLIAM RAY JOHNSON,

Petitioner,

v.     CASE NO. 2:09-CV-10361
       HONORABLE GERALD E. ROSEN

GREG MCQUIGGIN,

Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Petitioner William Ray Johnson, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1988 convictions for second-degree murder, assault with intent to commit murder, and possession of a firearm during the commission of a felony which were imposed following a jury trial in the Recorder's Court for the City of Detroit. Petitioner was sentenced to life imprisonment on the murder conviction, and concurrent term of 40 to 75 years imprisonment on the assault conviction, and a consecutive term of two years imprisonment on the felony firearm conviction. Petitioner has previously filed a habeas petition in federal court challenging the same convictions and sentences. For the reasons stated, the Court concludes that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal,* 523 U.S. 637, 641

1

(1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996). Petitioner previously filed a federal habeas petition challenging the same state court conviction at issue in the instant petition, which was denied on the merits. *See Johnson v. Berghuis*, No. 02-CV-71272-DT (E.D. Mich. Nov. 1, 2002) (Edmunds, J.), *cert. of app. den.*, No. 02-2398 (6th Cir. May 8, 2003), *cert. den.*, 540 U.S. 1190 (2004). Petitioner has neither sought nor obtained appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly,

The Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

_____
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 3, 2009

---

[1] 28 U.S.C. § 1631 provides in pertinent part that:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

2